UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDY OSTARLY** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-100** |
| **CERES ENVIRONMENTAL SERVICES, INC.** and **CATERPILLAR, INC.** | **SECTION: I/2** |

### ORDER AND REASONS

Before the Court is a motion to dismiss filed on behalf of defendant, Caterpillar, Inc. ("Caterpillar"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.[1] For the following reasons, defendant's motion is **GRANTED.**

### *BACKGROUND*

Plaintiff, Randy Ostarly ("Ostarly"), is a resident of St. Bernard, Louisiana. On December 16, 2005, Ostarly purchased a Multi-Terrain Loader (the "Loader") for $46,046.00 from Caterpillar, a Delaware corporation.[2] In December 2006, Ostarly leased the Loader to Ceres Environmental Services, Inc. ("Ceres"), a Minnesota corporation, for use around Grand Isle and Pineville, Louisiana.[3] On or about January 7, 2007, a Ceres representative discovered a man in a Caterpillar uniform, holding a Caterpillar service form, putting the Loader onto a truck.[4]

---

[1] R. Doc. No. 5, mot. to dismiss.

[2] R. Doc. No. 1, compl., ¶¶ IV-V.

[3] *Id.* at ¶ V.

[4] *Id.* at ¶ VI.

The man then told a Ceres foreman that he was taking the Loader for regular warranty service.[5] The foreman allowed the man to drive away with the Loader.[6] Two days later, when the Loader was not returned, the foreman filed a theft report with the Grand Isle Police Department.[7]

On January 4, 2008, Ostarly filed his complaint against Ceres and Caterpillar.[8] He alleged that both were negligent, and sought compensatory damages.[9] With respect to Caterpillar, Ostarly argues two claims: (1) that the company breached its duty to control third-party access to its uniforms and paperwork; and (2) that it breached its duty to warn Ostarly that the Loader had a non-unique locking mechanism.[10] On May 9, 2008, Caterpillar filed a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6).[11] The crux of Caterpillar's argument is that it had no duty to protect Ostarly from third-party criminal acts and that Ostarly has failed to allege that the non-unique locking mechanism was a cause-in-fact of the theft.[12]

## *LAW AND ANALYSIS*

**I.      Standard of Law**

A district court can dismiss a complaint, or any part of it, for failure to state a claim upon

---

[5] *Id.* It is not clear from the complaint whether the foreman and the Ceres representative are the same person.

[6] *Id.*

[7] *Id.* at ¶ VII.

[8] *Id.*

[9] *Id.* at ¶ IX.

[10] *Id.* Ostarly alleges that Caterpillar does not make unique keys for its Multi-Terrain loaders, and that a key for one loader can therefore be used to start any loader. *Id.*

[11] R. Doc. No. 5, mem. in supp., at 3.

[12]*Id.*

which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief.  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929, 940 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).  This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff.  *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974, 167 L. Ed. 2d at 949); *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . . .").  "'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss."  *Id.* (quoting *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).  "'[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'"  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 5 Charles Alan Wright & Arthur R.

Miller, *Federal Practice and Procedure* § 1216, at 156-59 (3d ed. 2004)).

**II.     Discussion**

*A.     Louisiana Duty-Risk Analysis*

Under Louisiana law, courts use a duty-risk analysis to determine whether a party is liable under a given set of facts. *Smith v. AAA Travel Agency*, 859 So.2d 286, 288 (La. Ct. App. 2d Cir. 2003). This analysis requires plaintiff to prove that: (1) "the conduct in question was the cause-in-fact of the resulting harm;" (2) "the defendant owed a duty of care to the plaintiff;" (3) "the requisite duty was breached by the defendant;" and (4) "the risk of harm was within the scope of protection afforded by the duty breached." *Posecai v. Wal-Mart Stores, Inc*. 752 So.2d 762, 765 (La. 1999).

Whether a duty exists is a question of law. *Fredericks v. Daiquiris & Creams of Mandeville, L.L.C.*, 906 So.2d 636, 639 (La. Ct. App. 1st Cir. 2005). There is generally "no duty to protect others from criminal acts of third parties" when defendant is unaware of the third-party's intended actions. *See Taylor v. Stuart*, 672 So.2d 302, 307 (La. Ct. App. 1st Cir. 1996). There is an exception to this rule when there is a special relationship between the parties. *See Blacklege v. Font*, 960 So.2d 99, 103 (La. Ct. App. 1st Cir. 2007). For instance, the relationship between business owners and patrons gives rise to a duty to protect against third-party criminal acts, but only when those acts are foreseeable. *See, e.g., Taylor*, 672 So.2d at 306-307.

*B.     Duty to Control Access to Uniforms and Paperwork*

Ostarly does not cite any case or statute that imposes a duty on a manufacturer to "keep account of all company uniforms and service forms" in order to prevent their appropriation by

4

third parties for unauthorized use.[13] Indeed, Ostarly now concedes that there was no duty owed by Caterpillar regarding their uniforms or documents.[14] Thus, Ostarly's first claim fails as a matter of law.

C.   *Duty to Warn of Non-Unique Locking Mechanism*

Ostarly also fails to provide any case or statute that would lend credence to his claim that a manufacturer has a duty to warn buyers that a piece of heavy machinery has a design feature that may increase the risk of it being stolen.[15] Further, there are prudential considerations in holding that a manufacturer has a duty to warn buyers about the ease with which a third-party might steal its product. One of the factors courts consider when determining whether a duty exists is "whether the imposition of a duty would result in an unmanageable flow of litigation." *McLachlan v. New York Life Ins. Co.*, 488 F.3d 624, 627 (5th Cir. 2007). Under Ostarly's theory of negligence, manufacturers could be liable every time a third party stole one of their products.

Moreover, even if Caterpillar did have a duty to warn Ostarly of the alleged non-unique locking mechanism, Ostarly has not presented any evidence to show that Caterpillar's failure to issue such a warning was a cause-in-fact of his loss. The account set forth in the complaint does not cite the alleged non-unique locking mechanism as a direct cause of the theft.[16] In addition, Ostarly's statement that "if Caterpillar suppresses information on how easy it is to steal the loader, [he] *may have* a claim" is a speculative assertion. It is well settled that "[f]actual

---

[13] R. Doc. No. 1, compl., at ¶ IX.

[14] R. Doc. No. 6, mem. opp., at 2.

[15] *Id.* at 6.

[16] R. Doc. No. 1, compl., at ¶ VI. Plaintiff concedes in his surreply that he cannot state that the Loader was stolen with a key from another Caterpillar Loader. R. Doc. No. 12, surreply, at 3.

allegations must be enough to raise a right to relief above the speculative level" in order to survive a 12(b)(6) motion to dismiss. *Cuvillier*, 503 F.3d at 401.[17]

### III.   Conclusion

Ultimately, the "inquiry is whether the plaintiff has any law — statutory, jurisprudential, or arising from general principles of fault —  to support his claim."  *Bowman v. City of Baton Rouge/Parish of East Baton Rouge*, 849 So.2d 622, 627 (La. Ct. App. 1st Cir. 2003).  Ostarly does not establish the threshold requirements of a negligence claim, nor does he cite any authority to support his theories of liability.  In light of the fact that there is ordinarily no duty to prevent third party criminal acts, these omissions are fatal to Ostarly's claims against Caterpillar.

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**.  Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, July 14, 2008.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[17] *Id.*  (emphasis added).